**SUNDBERY et ux. v. BER et ux.**

No. 1483.

Court of Appeal of Louisiana. First Circuit.
June 14, 1935.

Guion & Upton, of New Orleans, for appellants.

Alvin R. Christovich, of New Orleans, for appellees.

DORE, Judge.

Plaintiffs appeal from a judgment rejecting their demand for damages against the defendants. Their daughter, aged about five years, was struck and severely injured by an automobile operated by Miss Catherine Ber, a minor daughter of the defendants, on June 17, 1932, in the suburbs of Houma, on West Main street, under the following circumstances:

Miss Catherine Ber, accompanied by her mother and Miss Florence Guillot, was driving a Ford automobile towards the west, on West Main street, in the direction of Thibodaux at a rate of speed not exceeding 20 miles an hour. At the point of the accident, there is a slab of concrete 18 feet wide, practically in the middle of the street, with shoulders on each side. When Miss Ber intersected Columbus street, a street running into West Main street, she was traveling on the right-hand side of the concrete slab, and there was no traffic in sight. There were parked a truck and trailer on the right-hand side of the shoulder of the road, in front of the residence of George Taylor, a distance of practically 85 feet from the intersection of Columbus street and West Main street.

The Sundbery home is on the south side of West Main street, and the front gate of the Sundbery home is about 50 feet from the Columbus street corner, at which front gate Miss Margerie Sundbery, with her back towards Columbus street, was conversing with a friend of hers. The little Sundbery girl was on the front porch of the Taylor house. As Miss Ber advanced, she saw the parked vehicles and also Miss Margerie Sundbery and her friend, and, in the act of reaching or passing Miss Sundbery and her friend, Miss Ber either waved to them or probably saluted with a "Hello." The little Sundbery girl was not in sight of Miss Ber and could not be seen at the time that Miss Ber was advancing, due to a picket fence and the parked truck and trailer. Upon leaving the porch of the Taylor residence, the little Sundbery girl attracted the attention of the little dog in the side yard who started to run after her, and she, in turn, ran from it and continued running until struck by Miss Ber's automobile.

It cannot be said that Miss Ber was negligent or reckless in her driving due to the speed at which she was traveling; she was in the outskirts of Houma, no traffic was present, and no pedestrian was in sight other than probably the little Sundbery girl. As to her, we are convinced by the evidence that she was not about the street or in view of Miss Ber when she crossed at Columbus street or when she saluted Miss Margerie Sundbery.

It is undisputed that the little Sundbery girl was struck while running. She emerged, in her run from the dog, either between the parked truck and trailer or behind the trailer. She was struck 2 feet from the right side going west on the concrete slab. When Miss Ber's car struck the little girl, it stopped instantly, knocking the child down, but stopping so short that the wheels did not run over the child, thus saving its life. Miss Ber testified that the child immediately appeared before her, running, and she instantly applied the brakes. She is corroborated by the physical facts that it was the right front light and fender which struck the little girl. She did everything humanly possible to avert the accident.

The evidence is to the effect that she was a very careful and prudent driver. This unfortunate accident was caused by the little girl's running from behind what was practically a "screen" on the roadway at a point where a pedestrian could not be expected. Miss Ber could not anticipate her presence. That Miss Ber was alert as to the entire pavement is attested by her practically instantaneous discovery of the child the moment she invaded the pavement; that she acted promptly and efficiently appears from the rapidity with which she "braked" her car and turned to the left, and actually stopping without running over the child.

We recognize the fact that a child below the age of discretion cannot be guilty of contributory negligence. But in this case, Miss Ber was not, in our opinion, negligent or careless in any manner. It was an unavoidable accident, greatly to be regretted. Such was the conclusion of the district judge, and such is ours.

The judgment is affirmed with costs.